UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**JULIEANN H.,**[1]

    **Plaintiff,**

v.

**MARTIN J. O'MALLEY,**
**Commissioner of Social Security,**

    **Defendant.**

Case No. 1:22-cv-1263
Magistrate Judge Norah McCann King

## OPINION AND ORDER

This matter comes before the Court pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), regarding the application of Plaintiff Julieann H. for Supplemental Security Income under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 *et seq*. Plaintiff appeals from the final decision of the Commissioner of Social Security denying that application.[2] After careful consideration of the entire record, including the entire administrative record, the Court decides this matter pursuant to Rule 78(b) of the Federal Rules of Civil Procedure. For the reasons that follow, the Court the Court reverses the Commissioner's decision and remands the matter for further proceedings.

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to plaintiffs in such cases by only their first names and last initials. *See also* D.N.J. Standing Order 2021-10.

[2] Martin O'Malley, the Commissioner of Social Security, is substituted as Defendant in his official capacity. *See* Fed. R. Civ. P. 25(d).

1

I.     PROCEDURAL HISTORY

On June 27, 2019, Plaintiff protectively filed her current application for benefits, alleging that she has been disabled since April 20, 2018. R. 161–62, 253–58.[3] Plaintiff's application was denied initially and upon reconsideration. R. 167–71, 177–82. Plaintiff sought a *de novo* hearing before an administrative law judge ("ALJ"). R. 183–98. ALJ Thomas Merrill held a hearing on February 22, 2021, at which Plaintiff, who was represented by counsel, testified, as did a vocational expert. R. 35–60. In a decision dated April 5, 2021, the ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act from June 27, 2019, Plaintiff's alleged disability onset date, through the date of that decision. R. 16–28. That decision became the final decision of the Commissioner of Social Security when the Appeals Council declined review on February 23, 2022. R. 1–6. Plaintiff timely filed this appeal pursuant to 42 U.S.C. § 405(g). ECF No. 1. On June 21, 2022, Plaintiff consented to disposition of the matter by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure. ECF No. 8.[4] On that same day, the case was reassigned to the undersigned. ECF No. 9. The matter is ripe for disposition.

II.    LEGAL STANDARD

   A.     Standard of Review

In reviewing applications for Social Security disability benefits, this Court has the authority to conduct a plenary review of legal issues decided by the ALJ. *Knepp v. Apfel*, 204

---

[3] Plaintiff filed a prior application for benefits, which was denied on April 19, 2018, following a hearing before an administrative law judge. R. 119–39. However, the administrative law judge found, *inter alia*, that Plaintiff suffered from the severe impairments of asthma, depression disorder, and PTSD. R. 125.

[4] The Commissioner has provided general consent to Magistrate Judge jurisdiction in cases seeking review of the Commissioner's decision. *See* Standing Order In re: Social Security Pilot Project (D.N.J. Apr. 2, 2018).

F.3d 78, 83 (3d Cir. 2000). In contrast, the Court reviews the ALJ's factual findings to determine if they are supported by substantial evidence. *Sykes v. Apfel*, 228 F.3d 259, 262 (3d Cir. 2000); *see also* 42 U.S.C. §§ 405(g) & 1383(c)(3). The United States Supreme Court has explained this standard as follows:

> Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains sufficien[t] evidence to support the agency's factual determinations. And whatever the meaning of substantial in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence, this Court has said, is more than a mere scintilla. It means – and means only – such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

*Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019) (internal citations and quotation marks omitted); *see also Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (citation and internal quotations omitted); *Bailey v. Comm'r of Soc. Sec.*, 354 F. App'x 613, 616 (3d Cir. 2009) (citations and quotations omitted); *K.K. ex rel. K.S. v. Comm'r of Soc. Sec.*, No. 17-2309, 2018 WL 1509091, at *4 (D.N.J. Mar. 27, 2018).

The substantial evidence standard is a deferential standard, and the ALJ's decision cannot be set aside merely because the Court "acting de novo might have reached a different conclusion." *Hunter Douglas, Inc. v. NLRB*, 804 F.2d 808, 812 (3d Cir. 1986); *see, e.g.*, *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001) ("Where the ALJ's findings of fact are supported by substantial evidence, we are bound by those findings, even if we would have decided the factual inquiry differently.") (citing *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999)); *K.K.*, 2018 WL 1509091, at *4 ("'[T]he district court ... is [not] empowered to weigh the evidence or substitute its conclusions for those of the fact-finder.'") (quoting *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992)).

Nevertheless, the Third Circuit cautions that this standard of review is not "a talismanic or self-executing formula for adjudication." *Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983) ("The search for substantial evidence is thus a qualitative exercise without which our review of social security disability cases ceases to be merely deferential and becomes instead a sham."); *see Coleman v. Comm'r of Soc. Sec.*, No. 15-6484, 2016 WL 4212102, at *3 (D.N.J. Aug. 9, 2016). The Court has a duty to "review the evidence in its totality" and "take into account whatever in the record fairly detracts from its weight." *K.K.*, 2018 WL 1509091, at *4 (quoting *Schonewolf v. Callahan*, 972 F. Supp. 277, 284 (D.N.J. 1997) (citations and quotations omitted)); *see Cotter v. Harris*, 642 F.2d 700, 706 (3d Cir. 1981) (stating that substantial evidence exists only "in relationship to all the other evidence in the record"). Evidence is not substantial if "it is overwhelmed by other evidence," "really constitutes not evidence but mere conclusion," or "ignores, or fails to resolve, a conflict created by countervailing evidence." *Wallace v. Sec'y of Health & Human Servs.*, 722 F.2d 1150, 1153 (3d Cir. 1983) (citing *Kent*, 710 F.2d at 114); *see K.K.*, 2018 WL 1509091, at *4. The ALJ's decision thus must be set aside if it "did not take into account the entire record or failed to resolve an evidentiary conflict." *Schonewolf*, 972 F. Supp. at 284-85 (citing *Gober v. Matthews*, 574 F.2d 772, 776 (3d Cir. 1978)).

Although an ALJ is not required "to use particular language or adhere to a particular format in conducting [the] analysis," the decision must contain "sufficient development of the record and explanation of findings to permit meaningful review." *Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir. 2004) (citing *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 119 (3d Cir. 2000)); *see K.K.*, 2018 WL 1509091, at *4. The Court "need[s] from the ALJ not only an expression of the evidence s/he considered which supports the result, but also some indication of the evidence which was rejected." *Cotter*, 642 F.2d at 705-06; *see Burnett*, 220 F.3d at 121

("Although the ALJ may weigh the credibility of the evidence, [s/]he must give some indication of the evidence which [s/]he rejects and [the] reason(s) for discounting such evidence.") (citing *Plummer v. Apfel*, 186 F.3d 422, 429 (3d. Cir. 1999)). "[T]he ALJ is not required to supply a comprehensive explanation for the rejection of evidence; in most cases, a sentence or short paragraph would probably suffice." *Cotter v. Harris*, 650 F.2d 481, 482 (3d Cir. 1981). Absent such articulation, the Court "cannot tell if significant probative evidence was not credited or simply ignored." *Id.* at 705. As the Third Circuit explains:

> Unless the [ALJ] has analyzed all evidence and has sufficiently explained the weight [s/]he has given to obviously probative exhibits, to say that [the] decision is supported by substantial evidence approaches an abdication of the court's duty to scrutinize the record as a whole to determine whether the conclusions reached are rational.

*Gober*, 574 F.2d at 776; *see Schonewolf*, 972 F. Supp. at 284-85.

Following review of the entire record on appeal from a denial of benefits, the Court can enter "a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). Remand is appropriate if the record is incomplete or if the ALJ's decision lacks adequate reasoning or contains illogical or contradictory findings. *See Burnett*, 220 F.3d at 119-20; *Podedworny v. Harris*, 745 F.2d 210, 221-22 (3d Cir. 1984). Remand is also appropriate if the ALJ's findings are not the product of a complete review which "explicitly weigh[s] all relevant, probative and available evidence" in the record. *Adorno v. Shalala*, 40 F.3d 43, 48 (3d Cir. 1994) (internal quotation marks omitted); *see A.B. on Behalf of Y.F. v. Colvin*, 166 F. Supp.3d 512, 518 (D.N.J. 2016). A decision to "award benefits should be made only when the administrative record of the case has been fully developed and when substantial evidence on the record as a whole indicates that the claimant is

disabled and entitled to benefits." *Podedworny*, 745 F.2d at 221-22 (citation and quotation omitted); *see A.B.*, 166 F. Supp.3d at 518.

  **B.**  **Sequential Evaluation Process**

  The Social Security Act establishes a five-step sequential evaluation process for determining whether a plaintiff is disabled within the meaning of the statute. 20 C.F.R. § 416.920(a)(4). "The claimant bears the burden of proof at steps one through four, and the Commissioner bears the burden of proof at step five." *Smith v. Comm'r of Soc. Sec.*, 631 F.3d 632, 634 (3d Cir. 2010) (citing *Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 92 (3d Cir. 2007)).

  At step one, the ALJ determines whether the plaintiff is currently engaged in substantial gainful activity. 20 C.F.R. § 416.920(b).  If so, then the inquiry ends because the plaintiff is not disabled.

  At step two, the ALJ decides whether the plaintiff has a "severe impairment" or combination of impairments that "significantly limits [the plaintiff's] physical or mental ability to do basic work activities[.]" 20 C.F.R. § 416.920(c). If the plaintiff does not have a severe impairment or combination of impairments, then the inquiry ends because the plaintiff is not disabled.  Otherwise, the ALJ proceeds to step three.

  At step three, the ALJ decides whether the plaintiff's impairment or combination of impairments "meets" or "medically equals" the severity of an impairment in the Listing of Impairments ("Listing") found at 20 C.F.R. § 404, Subpart P, Appendix 1. 20 C.F.R. § 416.920(d). If so, then the plaintiff is presumed to be disabled if the impairment or combination of impairments has lasted or is expected to last for a continuous period of at least 12 months. *Id*. at § 416.909. Otherwise, the ALJ proceeds to step four.

At step four, the ALJ must determine the plaintiff's residual functional capacity ("RFC") and determine whether the plaintiff can perform past relevant work. 20 C.F.R. § 416.920(e), (f). If the plaintiff can perform past relevant work, then the inquiry ends because the plaintiff is not disabled. Otherwise, the ALJ proceeds to the final step.

At step five, the ALJ must decide whether the plaintiff, considering the plaintiff's RFC, age, education, and work experience, can perform other jobs that exist in significant numbers in the national economy. 20 C.F.R. § 416.920(g). If the ALJ determines that the plaintiff can do so, then the plaintiff is not disabled. Otherwise, the plaintiff is presumed to be disabled if the impairment or combination of impairments has lasted or is expected to last for a continuous period of at least twelve months.

### III.   ALJ DECISION AND APPELLATE ISSUES

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity between June 27, 2019, the date on which Plaintiff's application was filed, and the date of the decision. R. 18.

At step two, the ALJ found that Plaintiff's irritable bowel syndrome, hypertension, anxiety, depression, and post-traumatic stress disorder ("PTSD")  were medically determinable impairments. R. 18. However, the ALJ also found that Plaintiff's alleged restless leg syndrome, daytime sleepiness, pseudobulbar effect, and chronic obstructive pulmonary disease ("COPD") were not "medically determined". R. 19. The ALJ went on to find that Plaintiff did not have an impairment or combination of impairments that has significantly limited (or is expected to significantly limit) her ability to perform basic work-related activities for 12 consecutive months and thus did not have a severe impairment or combination of impairments. R. 19–28. The ALJ

therefore concluded that Plaintiff was not disabled within the meaning of the Social Security Act from June 27, 2019, the application date, through the date of the decision. R. 28.

Plaintiff disagrees with the ALJ's findings and asks that the decision of the Commissioner be reversed and remanded with directions for the granting of benefits or, alternatively, for further proceedings. *Plaintiff's Memorandum of Law,* ECF No. 12; *Plaintiff's Reply Brief*, ECF No. 14. The Commissioner takes the position that his decision should be affirmed in its entirety because the ALJ's decision correctly applied the governing legal standards, reflected consideration of the entire record, and was supported by sufficient explanation and substantial evidence. *Defendant's Brief Pursuant to Local Civil Rule 9.1*, ECF No. 13.

### IV.   DISCUSSION

Plaintiff contends that the ALJ erred when he denied Plaintiff's claim at step two of the sequential evaluation process by finding that Plaintiff suffers no severe impairment. *Plaintiff's Memorandum of Law*, ECF No. 12, pp. 11–16. Plaintiff specifically argues, *inter alia*, that the record contains sufficient evidence of her psychiatric impairments to satisfy the *de minimis* standard at step two, including evidence that her treating psychiatrist, Camillo Serrano, M.D., prescribed prazosin to treat her trauma-related nightmares and adjusted her medication on numerous occasions; that Dr. Serrano opined that Plaintiff was unable to engage in substantial gainful employment on a sustained and continuous basis; that Plaintiff's counselor, Meghan Rush, BA, confirmed that Plaintiff had been attending counseling sessions since April 4, 2016 for symptoms of anxiety, panic attacks, nightmares, and insomnia, associated with trauma from domestic violence; and that Plaintiff's treating providers have repeatedly characterized her major depressive disorder as moderate and recurrent in nature. *Id*. at 12–16 (citations omitted). Plaintiff also contends that the ALJ improperly discounted her mental impairments because they predated

8

the alleged onset date. *Id*. at 14–15 (citing R. 23). The Commissioner disagrees, arguing that substantial evidence supports the ALJ's denial of benefits at step two of the sequential evaluation process. *Defendant's Brief Pursuant to Local Civil Rule 9.1*, ECF No. 13, pp. 6–14. In reply, Plaintiff contends that the Commissioner relies on post-hoc rationalization to defend the ALJ's decision and did not respond to some of Plaintiff's arguments, including Plaintiff's argument that the ALJ ignored Plaintiff's treating providers' descriptions of Plaintiff's major disorder as "moderate and recurrent." *Plaintiff's Reply Brief*, ECF No. 14, pp. 1–4.

"The step-two inquiry is a *de minimis* screening device to dispose of groundless claims." *Newell v. Comm'r of Soc. Sec.*, 347 F.3d 541, 546 (3d Cir. 2003). Therefore, "[t]he burden placed on an applicant at step two is not an exacting one." *McCrea v. Comm'r of Soc. Sec.*, 370 F.3d 357, 360 (3d Cir. 2004). "Although the regulatory language speaks in terms of 'severity,' the Commissioner has clarified that an applicant need only demonstrate something beyond 'a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work.'" *Id*. (quoting SSR 85-28, 1985 WL 56856, at *3; citing *Newell*, 347 F.3d at 546). Courts must resolve any doubt as to whether this showing has been made in favor of the claimant. *Id*.; *see also Newell*, 347 F.3d at 547. While a reviewing court should not apply a more stringent standard of review when the Commissioner denies benefits at step two, "its invocation is certain to raise a judicial eyebrow" because "step two is to be rarely utilized as a basis for the denial of benefits[.]" *McCrea*, 370 F.3d at 361.

In the present case, the record persuades this Court that Plaintiff's mental impairments satisfy this *de minimis* standard. *Cf. Magwood*, 417 F. App'x at 132 ("The medical evidence adduced by Magwood demonstrated that she was receiving psychiatric services on a regular basis, was engaged in therapeutic counseling on a weekly basis, was taking antidepressants, was

assessed as functioning with a GAF of 55–60, and had an opinion from a treating psychiatrist that she was unable to work on a sustained basis. This was more than sufficient to satisfy step two's de minimis threshold.").

At step two, the ALJ found that Plaintiff had the medically determinable impairments of, *inter alia*, anxiety, depression, and PTSD. R. 18. Although the ALJ recited that "[a]n impairment or combination of impairments is 'not severe' when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work[,]" R. 17 (citing 20 C.F.R. § 416.922; SSR 85-28 and 16-3p), the ALJ did not actually apply this *de minimis* screening standard when discounting or ignoring record evidence regarding Plaintiff's medically determinable mental impairments. For example, the ALJ acknowledged that, "[s]ince the current application date, the claimant has received mental health counseling and medication management[,]" but "minimized their import" at step two by noting that "[t]here has been no urgent care or inpatient psychiatric hospitalization" and by noting Plaintiff 's report that she was currently happy. R. 23 (stating, *inter alia*, that "[i]n June 2020, the claimant reported to her new neurologist that the abusive relationship was four years prior and she was now happily married (Exhibit B26F [R. 1917–22])"). However, the record also reveals that Plaintiff was prescribed psychotropic medication, *i.e.*, sertraline, Abilify, Prazosin, Seroquel, and Klonopin/clozapine, during the relevant period and that her psychiatric impairments required adjustments to manage the severity of her symptoms. *See*, *e.g.*, R. 1112, 1126 (switching "her Klonopin to TID [three times a day] for better control of her anxiety" on August 14, 2018), 1752, 2114, 2117, 2123 (increasing Prazosin "to control trauma related nightmares" on September 25, 2019), 2136 (increasing Abilify "to control depressive symptoms") on April 2, 2020), 2141 (adding Seroquel "to control depressive

10

symptoms" on August 5, 2020), 2146 ("needs medications to control anxiety and depressive symptoms, financial hardships"), 2150 (increasing Seroquel "to control depression / anxiety and help her sleep" on September 29, 2020), 2160 (increasing Seroquel "to control depressive [] and anxiety symptoms" on February 3, 2021). While it may be true that Plaintiff reported to her neurologist in May 2020 that "the abusive relationship was four years prior and she was now happily married[,]" *see* R. 23, that same treatment note also indicates that Plaintiff continued to "follow[] with a psychiatrist for PTSD." R. 1917. Moreover, Dr. Serrano repeatedly assessed Plaintiff's major depressive disorder as "Recurrent, Moderate" throughout the period from April 2018 to February 2021, R. 2110–13, 2115, 2123, 2127, 2138, 2141, 2150, 2156, 2160.

Moreover, the records on which the ALJ relied in finding that Plaintiff had no more than mild limitations in the four broad areas of mental functioning also contain contrary evidence that was apparently ignored by the ALJ. R. 23–24. For example, finding only a mild limitation in the functional area of adapting or managing oneself, the ALJ stated that Plaintiff's

> [d]epressed/anxious mood and affect were *occasionally* noted on mental status examinations (Exhibit B30F [R. 2110–68, dated April 16, 2018 through February 3, 2021]). However, mood and affect were described as normal or appropriate on multiple examinations performed since the current application date (Exhibits B6F, B12F, B14F, B19F, B25F, B28F, B30F).

R. 24 (emphasis added). However, one of the exhibits upon which the ALJ relies (Exhibit 30F) repeatedly characterizes Plaintiff as tense, apprehensive, tearful, upset, worried, depressed, or anxious throughout April 2018 through February 2021. R. 2110–12, 2114, 2126, 2135, 2140, 2149, 2155, 2159. The ALJ also relied on this same exhibit to find that Plaintiff's mood and affect were normal or appropriate. R. 24. As previously noted, however, Dr. Serrano described Plaintiff's major depressive disorder as recurrent and moderate, Plaintiff regularly attended counseling throughout the relevant period, and Plaintiff's providers prescribed several

11

psychotropic medications that had to be adjusted throughout the relevant period during which often she presented as tense, apprehensive, tearful, upset, worried, depressed, or anxious. Based on this record, the ALJ appears to have either ignored certain relevant evidence or have implicitly weighed the medical evidence and construed any doubts against Plaintiff, which the United Stated States Court of Appeals for the Third Circuit forbids. *See Magwood*, 417 F. App'x at 132 ("[T]he ALJ ignored *McCrea*'s instruction by weighing the medical evidence adduced by [the applicant] ... against the consultative examination of a psychologist and a consultative review of a psychiatrist. This was error."); *Newell*, 347 F.3d at 347 ("Reasonable doubts on severity are to be resolved in favor of the claimant.").

Given this selective citation and contrary evidence ignored or discounted by the ALJ, and construing reasonable doubts in favor of Plaintiff, the Court cannot conclude that the ALJ applied the proper *de minimis* standard at step two of the sequential evaluation process in finding that Plaintiff's claim is "groundless" and that her claim to disability benefits should be denied at step two. *See Newell*, 347 F.3d at 547; *Magwood*, 417 F. App'x at 132; *Quinn v. Kijakazi*, No. 3:20-CV-01698, 2022 WL 178824, at *5 (M.D. Pa. Jan. 18, 2022) ("A selective approach to the evidence does not constitute substantial evidence upon which an ALJ may reasonably rely to deny benefits.") (citations omitted); *Segal v. Comm'r of Soc. Sec.*, No. CV 19-8839, 2020 WL 2111229, at *6–7 (D.N.J. May 4, 2020) (remanding where "the Court finds that the ALJ nonetheless erred in his treatment of medical evidence in the record: although the ALJ did not entirely ignore treatment notes from Plaintiff's providers, he selectively cited portions of these notes, rather than addressing the conflicting evidence within these records").

Moreover, this Court cannot find that this error at step two was harmless where, as a result, the ALJ failed to fully consider Plaintiff's allegations of disability throughout the

remaining steps of the sequential evaluation. *See Ruth R. v. Kijakazi*, No. 4:22-CV-1493, 2023 WL 5313912, at *8 (M.D. Pa. July 31, 2023), *report and recommendation adopted*, No. 3:22-CV-1493, 2023 WL 5310224 (M.D. Pa. Aug. 17, 2023) ("The evidence Plaintiff adduced, including opinions from two treating sources consistent with a finding of total disability, records showing that she regularly saw a psychiatrist and was prescribed multiple psychotropic medications to manage her symptoms, coupled with her own testimony, is sufficient to satisfy step two's de minimis threshold. Moreover, we find that the ALJ's error in this regard resulted in clear prejudice, as the ALJ did not continue on to evaluate Plaintiff's claim at steps three, four or five of the sequential evaluation process."); *Sherrard v. Saul*, No. 3:18-CV-01590, 2019 WL 4254134, at *7 (M.D. Pa. Aug. 12, 2019), *report and recommendation adopted*, No. 3:18-CV-1590, 2019 WL 4256282 (M.D. Pa. Sept. 6, 2019) ("Additionally, the finding that all of Sherrard's alleged impairments were either non-medically determinable or non-severe cannot be deemed harmless error in this case. Indeed, had Sherrard credited Dr. Kanouse's opinion or otherwise found in his favor at step two, the evaluation of his DIB claim may have resulted in a different outcome.").

For all these reasons, the ALJ's denial of benefits at step two warrants remand in this case.[5]

## V. CONCLUSION

For these reasons, the Court **REVERSES** the Commissioner's decision and **REMANDS** the matter for further proceedings consistent with this *Opinion and Order*.

---

[5] Plaintiff asserts a number of other errors in the Commissioner's final decision denying benefits at step two of the sequential evaluation. Because the Court concludes that the matter must be remanded for further consideration of step two, the Court does not consider those claims.

The Court will issue a separate Order issuing final judgment pursuant to Sentence 4 of 42 U.S.C. § 405(g).

**IT IS SO ORDERED.**


Date:  February 8, 2024                                  *s/Norah McCann King*
                                                         NORAH McCANN KING
                                                         UNITED STATES MAGISTRATE JUDGE